Michael SHARP, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 12A02–1010–CR–1188.

Court of Appeals of Indiana.

July 19, 2011.

Transfer Granted Sept. 9, 2011.

Richard L. Langston, Frankfort, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Brian Reitz, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Michael Sharp was convicted of Class A felony child molesting and Class C felony child molesting. The trial court sentenced him to an aggregate term of forty years, found him to be a credit restricted felon, and assigned him to Class IV (one day of credit time for every six days served). Sharp now appeals arguing that his convictions violate Indiana double jeopardy principles. He also argues that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of his credit restricted felon status. We find no double jeopardy violation and no abuse of discretion in sentencing. Finally, we conclude that a defendant's credit restricted felon status cannot be taken into consideration on Indiana Appellate Rule 7(B) review. We therefore affirm.

### Facts and Procedural History

C.S. was born September 27, 1996. When C.S. was ten and eleven years old, he lived with his father and stepmother. However, C.S. visited his mother and stepfather, Sharp, every other weekend in their Clinton County home. When C.S. visited them, he slept in his own bedroom. While C.S. was sleeping, Sharp came to C.S.'s bedroom, pulled down C.S.'s shorts, and either touched or "suck[ed]" his penis. Tr. p. 76–77, 83. When C.S. told Sharp to stop, Sharp returned to his room. However, the molestations continued every other weekend when C.S. visited his mother and Sharp. Sharp told C.S. it was "a secret" and that he "would go to jail" if C.S. told anyone. *Id.* at 78.

In October 2008, C.S. told his stepmother, who then contacted law enforcement. The State charged Sharp with Class A felony child molesting (deviate sexual conduct) and Class C felony child molesting (fondling or touching) based on the time period of August 1, 2007, to August 31, 2008. Following a jury trial, Sharp was found guilty as charged. The trial court identified two aggravating circumstances: (1) Sharp was in a position of having care, custody, or control of C.S. when he committed the offenses and (2) although Sharp was charged with only one count each of molesting by deviate sexual conduct and molesting by fondling, the evidence at trial

> clearly demonstrated that the Defendant had committed each of the same ... offenses upon this victim on multiple occasions over a period of years. Under such circumstances, the State has demonstrated that the harm and injury suffered by the victim was significant and greater than the elements necessary to prove the commission of the offenses charged.

Appellant's App. p. 146. The court identified one mitigator, Sharp's lack of significant prior criminal history. Although Sharp had argued for additional mitigators related to his participation in numerous jail programs while in pretrial confinement and his expression of remorse, the trial court rejected both mitigators as follows:

> The Court declines to find such participation as a mitigating factor because the classes and programs attended (anger management and bible study programs) were not rehabilitative programs that addressed any condition for which the Defendant needs rehabilitation. There is no evidence that Defendant suffered from anger management problems, and while bible study programs have the potential to provide more than spiritual improvement in a person's life, the minister that testified for the Defendant at the sentencing hearing agreed that no sex offender counseling was provided—only spiritual counseling.

... The Defendant's statement of apology in open court, as interpreted by the Court when read in concert with Defendant's own statement of the offense found in the Presentence Investigation Report ... was limited only to his actions for fondling rather than his more serious conduct of molesting by criminal deviate conduct. Under the circumstances, the Court declines to consider the Defendant's expression of remorse as a mitigating factor.

*Id.* at 146–47. Concluding that the aggravators outweighed the mitigator, the trial court sentenced Sharp to forty years for the Class A felony and six years for the Class C felony, to be served concurrently. The court also found that Sharp was a credit restricted felon pursuant to Indiana Code section 35–41–1–5.5(1) because he was at least twenty-one years old and C.S. was less than twelve years old and assigned him to Class IV for the term of his imprisonment. *Id.* at 147.[1] "A person who is a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class IV. A credit restricted felon may not be assigned to Class I or Class II." Ind.Code § 35–50–6–4(b). "A person assigned to Class IV earns one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing." *Id.* § 35–50–6–3(d).

Sharp now appeals.

### Discussion and Decision

Sharp raises two issues on appeal. First, he contends that his convictions violate Indiana double jeopardy principles. Second, he contends that the trial court abused its discretion in sentencing him and that his aggregate sentence of forty years is inappropriate.

### I. Double Jeopardy

Sharp first contends that his convictions for Class A felony and Class C felony child molesting violate Indiana double jeopardy principles.[2] The Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. Our Supreme Court has developed a two-part test for Indiana double jeopardy claims, holding that two or more offenses are the "same offense" in violation of Article 1, Section 14, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Richardson v. State,* 717 N.E.2d 32, 49 (Ind.1999).

The "statutory elements test" referenced in *Richardson* is the same test enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Brown v. State,* 912 N.E.2d 881, 896 (Ind.Ct.App.2009), *trans. denied.* Multiple convictions will not be precluded if each statutory offense requires proof of an additional fact which the other does not. *Robinson v. State,* 835 N.E.2d 518, 522 (Ind.Ct.App.2005). We look only to the statutory elements of the offenses. *Id.*

The elements of Class A felony child molesting, as charged here, are that Sharp, at least twenty-one years old, performed or submitted to deviate sexual conduct with C.S., who was under fourteen

---

1. Although this law went into effect on July 1, 2008, and the charging informations in this case cover a time period both before and after that date, Sharp makes no ex post facto argument on appeal.

2. Sharp cites the federal constitution but does not make a cogent argument. We therefore address only the Indiana Constitution.

years old. Ind.Code § 35–42–4–3(a)(1); Appellant's App. p. 16, 95. The elements of Class C felony child molesting, as charged here, are that Sharp performed or submitted to fondling or touching with C.S., who was under fourteen years old, with the intent to arouse or satisfy the sexual desires of C.S. or himself. I.C. § 35–42–4–3(b); Appellant's App. p. 15, 95. Class A felony child molesting requires deviate sexual conduct while Class C felony child molesting requires fondling or touching with intent to arouse sexual desires. Because each offense requires proof of an additional fact which the other does not, there is no violation of the statutory elements test. *See Sloan v. State,* 947 N.E.2d 917, 924 (Ind.2011) ("Sloan concedes that the statutory elements of Class A felony child molesting and Class C felony child molesting are different. His argument rests on the actual-evidence test[.]").

▮ Under the actual evidence test, the evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. *Lee v. State,* 892 N.E.2d 1231, 1234 (Ind.2008). To show that two challenged offenses constitute the "same offense," a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.* Application of this test requires the court to identify the essential elements of each of the challenged crimes and to evaluate the evidence from the factfinder's perspective. *Id.*

Sharp argues that the "sex acts" alleged in the charging informations arose "from the same incident." Appellant's Br. p. 15. The actual evidence used to convict Sharp of the two counts of child molesting was not the same. For the Class A felony child molesting conviction, the State relied on C.S.'s testimony that Sharp "sucked [his] penis" and "balls." Tr. p. 77, 82. And for the Class C felony child molesting conviction, the State separately relied on C.S.'s testimony that Sharp "touched [his] private area," meaning "penis." *Id.* at 76. The State clarified that the touching and sucking were separate instances:

Q: Could you tell us about that?

A: He touched my private area.

＊　＊　＊　＊　＊　＊

Q: Did he do anything else to you?

A: He yeah he sucked my penis.

*Id.* at 76, 77. In addition, C.S. testified that the molestations occurred every other weekend for two years, meaning that numerous acts occurred that would support the two convictions. In its closing argument, the State again carefully parsed out the evidence for each child molesting count:

Count One being uh the Child Molesting involving criminal deviate conduct. You heard evidence that that was oral sex in which uh Michael Sharp committed that on [C.S.]. And Count Two being the class C felony of Child Molestation involving uh the uh fondling of [C.S.] with the intent to uh arouse or satisfy the sexual desires of either [C.S.] or Michael Sharp.

*Id.* at 155. We find that the State established that Sharp committed two separate offenses based on distinct facts. There is no reasonable possibility that the jury used the same evidentiary facts to establish both the essential elements of Class A felony child molesting and the essential elements of Class C felony child molesting. There is no double jeopardy violation.

## II. Sentencing

Sharp next contends that the trial court abused its discretion in sentencing him and that his forty-year aggregate sentence is inappropriate.

### A. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind.2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490–91. Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion in failing to properly weigh such factors. *Id.* at 491.

Sharp first argues that the trial court abused its discretion in identifying as an aggravator that he "committed this crime repeatedly." Tr. p. 216. That is, Sharp committed the offenses against C.S. "on multiple occasions over a period of years." Appellant's App. p. 146. Accordingly, the trial court found that the State had demonstrated that the harm that C.S. suffered was significant and greater than the elements necessary to prove the offenses. *Id.*

Contrary to Sharp's argument, the enhancing fact was not necessarily the impact on C.S., but rather the fact that there were repeated molestations over the course of two years. This Court addressed this scenario in *Newsome v. State* and held that "[r]epeated molestations occurring over a period of time can be an aggravating factor supporting maximum enhancement." 797 N.E.2d 293, 300 (Ind. Ct.App.2003), *trans. denied; see also Sullivan v. State,* 836 N.E.2d 1031, 1037 (Ind. Ct.App.2005). For two years, Sharp snuck into C.S.'s bedroom every other weekend, removed his shorts, and then touched his penis and performed oral sex on him. This is above and beyond what was necessary to prove the two counts of child molesting. Accordingly, we conclude that the trial court did not abuse its discretion in identifying Sharp's repeated molestations of C.S. as an aggravator.

Sharp next contends that the trial court abused its discretion in failing to identify as mitigators that he participated in numerous jail programs while in pretrial confinement and expressed remorse at sentencing. When an allegation is made that the trial court failed to find a mitigating factor, the defendant is required to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer,* 868 N.E.2d at 493. However, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State,* 736 N.E.2d 246, 249 (Ind.2000). "If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist."

*Anglemyer,* 868 N.E.2d at 493 (quotation omitted).

▆▆▆▆ Here, the trial court did consider Sharp's participation in jail programs and purported remorse but rejected them as mitigators. We agree with the trial court that the jail programs Sharp participated in did not correlate to his crimes and were not "rehabilitative programs that addressed any condition for which [Sharp] need[ed] rehabilitation." Appellant's App. p. 146. As for Sharp's alleged remorse, the trial court found that he made a "very guarded" and "[v]ery carefully worded" statement which did not address the Class A felony child molesting conviction. Tr. p. 216. Remorse is best judged by a trial judge, who views and hears a defendant's apology and demeanor first hand. *Phelps v. State,* 914 N.E.2d 283, 293 (Ind.Ct.App. 2009). The trial court did not abuse its discretion in failing to identify these mitigators.

### B. Inappropriate Sentence

▆▆▆▆ Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State,* 876 N.E.2d 1114, 1116 (Ind.2007) (citing *Anglemyer,* 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)). In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or is otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State,* 926 N.E.2d 1023, 1025 (Ind.2010). These tools include probation, home detention, placement in a community corrections program, executed time in a Department of Correction facility, concurrent rather than consecutive sentences, and restitution/fines. *Id.*

Here, Sharp was sentenced to forty years for Class A felony child molesting and six years for Class C felony child molesting, to be served concurrently. "A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years." Ind.Code ` § 35–50–2–4. "A person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." *Id.* § 35–50–2–6(a).

Sharp argues that because the trial court found him to be a credit restricted felon, which means that he earns one day of credit time for every six days served, "[t]his effectively raised the time required to be served under this forty year sentence from a minimum of twenty years to nearly thirty-four and one-half years." Appellant's Br. p. 14. Accordingly, he claims that his sentence is inappropriate.

▆▆▆▆ A defendant, however, does not have a constitutional right to receive credit time, which is a matter of legislative grace. *See Brown v. State,* 947 N.E.2d 486, 492 (Ind.Ct.App.2011), *trans. denied.* A person who is not a credit restricted felon is initially assigned to Class I. I.C. § 35–50–6–4(a). A person assigned to Class I earns one day of credit time for each day served. *Id.* § 35–50–6–3(a). A person assigned to Class II earns one day of credit time for every two days served. *Id.* at (b). Class IV is reserved for credit

restricted felons, that is, those who have been convicted of either child molesting plus special circumstances or murder plus special circumstances. *See id.* § 35–41–1–5.5. Once a person is assigned to Class IV, he cannot move to Class I or II. *Id.* § 35–50–6–4(b). He can only move to Class III, where no credit time is earned. *Id.* at (d). Credit time is not a sentencing tool for trial courts but rather is a parameter set by our legislature. It is generally used as a statutory reward for lack of conduct that is in violation of institutional rules. *Brown,* 947 N.E.2d at 492. Because credit time is set by the legislature and is not a discretionary tool used by the trial court judge, we will not take into account a person's credit restricted felon status when reviewing a sentence under Appellate Rule 7(B). We nevertheless proceed to review Sharp's sentence without this consideration.

As for the nature of the offenses, Sharp molested his stepson every other weekend for two years. Sharp did this while C.S. was ten and eleven years old. He woke up C.S., removed C.S.'s shorts, and then fondled and performed oral sex on C.S. despite C.S.'s protests. Sharp also instructed C.S. not to tell anyone.

As for Sharp's character, Sharp abused his position of trust with C.S. On appeal, Sharp identifies nothing redeeming about his character. We do note that the trial court found that he lacked a significant criminal history.

Sharp has failed to persuade us that his aggregate sentence of forty years is inappropriate. We therefore affirm the trial court.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.