**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GERALD JEROME COX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1202-CR-70 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1104-FA-12

**September 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Gerald Cox appeals his fifteen-year sentence for one count of Class B felony child molesting. We affirm.

## Issue

The sole issue before us is whether Cox's sentence is inappropriate.

## Facts

Between August 1, 2009 and February 22, 2011, Cox lived in Lake Station with his girlfriend and his girlfriend's daughter, M.W. Cox was born in 1976, and M.W. was born in 1998. On March 2, 2011, M.W. told an officer of the Lake County Police Department that Cox had committed multiple acts of molestation against her, including anal intercourse. M.W. reported to the officer that Cox had performed anal intercourse with her "so many times that it really didn't even hurt anymore." App. p. 85. In a subsequent statement Cox gave to an FBI agent, Cox admitted to having anal intercourse with M.W. on approximately five occasions, after having previously fondled her repeatedly and taken nude photographs of her. Cox claimed, however, that M.W. had encouraged him to perform these acts.

On April 15, 2011, the State charged Cox with one count each of Class A felony child molesting, Class B felony criminal deviate conduct, Class C felony child exploitation, Class C felony child molesting, Class C felony criminal confinement, Class C felony vicarious sexual gratification, and Class D felony possession of child pornography. On September 22, 2011, Cox agreed to plead guilty to one count of Class

2

B felony child molesting, in exchange for which the State would dismiss all of the original charges against him. Sentencing was left to the trial court's discretion. After accepting the plea, the trial court sentenced Cox to a term of fifteen years. Cox now appeals.

**Analysis**

Cox argues solely that his sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offense. See Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007). Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the

3

crime, the damage done to others, and myriad other factors that come to light in a given case. Id. at 1224.

At the outset, we address Cox's argument that in reviewing his sentence, we are limited to considering only the facts contained within the written stipulated factual basis that the parties submitted to the trial court as part of Cox's guilty plea. We disagree. As part of Cox's presentence report, the probation officer included a copy of the probable cause affidavit in this case, which related numerous acts of molestation and/or production of child pornography, many of which were not related in the stipulated factual basis. However, when Cox was asked whether he had any requested corrections or deletions to make to the presentence report, his attorney replied that there were none. Additionally, the probable cause affidavit in part related statements Cox made to the FBI agent, admitting multiple acts of wrongdoing. Under the circumstances, we cannot say it would be erroneous to consider the contents of the probable cause affidavit in evaluating Cox's sentence. See Sullivan v. State, 836 N.E.2d 1031, 1036-37 (Ind. Ct. App. 2005) (holding that where defendant indicated there were no corrections to be made to presentence report and did not object to introduction of probable cause affidavit at sentencing hearing, defendant effectively admitted to contents of report and affidavit). Additionally, the stipulated factual basis was prepared in order for the trial court to accept the guilty plea; we do not believe it limited the matters the court could consider in sentencing Cox or the matters we may consider in reviewing Cox's sentence under Rule 7(B).

Turning to a review of Cox's character, Cox argues that a lesser sentence is warranted because he has no previous criminal history and because he pled guilty and cooperated with authorities. Although it is true that Cox has no prior criminal convictions, that is not the same as saying he lived a law-abiding life until committing one indiscretion. See Bostick v. State, 804 N.E.2d 218, 225 (Ind. Ct. App. 2004). First, Cox informed the probation officer preparing the presentence report that he regularly smoked marijuana, beginning at the age of twenty. Second, the record reflects an ongoing course of mistreatment of M.W. for many months, not just the one act of molestation of which he was convicted. Thus, Cox's lack of criminal history in the form of any prior convictions is not entitled to as much weight as it might otherwise have been.

Regarding Cox's guilty plea, we acknowledge that courts should "carefully assess the potential mitigating weight of any guilty plea." Marlett v. State, 878 N.E.2d 860, 866 (Ind. Ct. App. 2007), trans. denied. "One factor to consider in determining such weight is whether the defendant substantially benefitted from the plea because of the State's dismissal of charges in exchange for the plea." Id. It is true that the dismissal of charges in exchange for a plea does not automatically negate all the mitigating weight of a guilty plea. Id. However, if "information from sources such as a probable cause affidavit, pretrial discovery, and the factual basis provided for a guilty plea" indicates that the State possessed substantial evidence that could have supported convictions for charges dismissed in exchange for a guilty plea, the mitigating weight of a plea may be reduced. See id.

5

Here, the State dismissed a multitude of charges in exchange for Cox's guilty plea. Included among the dismissed charges was a count of Class A felony child molesting, based on Cox's being over twenty-one years of age at the time of the crime. See Ind. Code § 35-42-4-3(a)(1). There would have been no apparent evidentiary issues with proving a charge of Class A felony molesting against Cox as opposed to the Class B offense, which does not require proof of the defendant's age. Thus, on the molesting charge alone Cox could have faced a minimum Class A felony sentence of twenty years, or five more years than he ended up receiving. See I.C. § 35-50-2-4. Moreover, the probable cause affidavit and Cox's own admissions indicate that he could have been convicted of multiple additional charges, including at least four additional counts of child molesting based on Cox's admission that he had anal intercourse with M.W. five times.[1] Cox derived a great benefit from the plea bargain.

Turning to the nature of the offense, the one act of molestation of which Cox was convicted was only the tip of the iceberg of a number of acts reported by M.W. and admitted to by Cox. Acts of repeated molestation against one victim over a long period of time is a factor justifying an increase in a defendant's sentence. See Sharp v. State, 951 N.E.2d 282, 288 (Ind. Ct. App. 2011), summarily aff'd in relevant part, 970 N.E.2d 647 (Ind. 2012). Additionally, Cox was in a position of trust over M.W.; although Cox was not technically M.W.'s stepfather, Indiana courts recognize that a live-in boyfriend is

_____

[1] Even if we were to consider only the stipulated factual basis, as Cox wants us to do, that document still indicates that he had anal intercourse with M.W. approximately five times, while M.W. said that Cox had anal intercourse with her "so many times that it didn't really hurt anymore." App. p. 52.

in a position of trust with respect to children of his live-in girlfriend. <u>Brown v. State</u>, 760 N.E.2d 243, 246 (Ind. Ct. App. 2002), <u>trans. denied</u>. This likewise weighs against Cox in considering his sentence. In sum, despite Cox's guilty plea and lack of prior criminal convictions, those factors are not nearly so substantial in comparison with the egregious nature of the offense to make his fifteen-year sentence inappropriate.

## Conclusion

Cox's fifteen-year sentence for Class B felony child molesting is not inappropriate. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.