**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 04 2013, 9:15 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES RICE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 80A02-1208-CR-693 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPTON CIRCUIT COURT
The Honorable Thomas R. Lett, Jr., Judge
Cause No. 80C01-1103-FA-102

**April 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Following a guilty plea, James Rice was convicted of battery, a Class A felony, and sentenced to fifty years. He now appeals, raising two restated issues for our review: 1) whether the trial court abused its discretion by failing to consider several mitigating factors, and 2) whether his sentence is inappropriate in light of the nature of his offense and character. Concluding that the trial court did not abuse its discretion and that his sentence is not inappropriate, we affirm.

## Facts and Procedural History

On November 26, 2010, Rice called 911 and informed emergency personnel that D.C., his then-fiancée's four-year old son, was experiencing seizure-like symptoms while in his care. D.C. was taken to the hospital where he died a short time later. Following an autopsy, doctors discovered that D.C. died after a vertebral fracture caused a laceration of the aorta in the heart. This type of spinal injury is caused by blunt force. Rice claimed he gave D.C. one "slap" on his "left butt cheek" the morning he died. Transcript at 118-19.

Rice was charged with battery, a Class A felony; reckless homicide, a Class C felony; and neglect of a dependent, a Class A felony. Rice ultimately entered into a plea agreement with the State in which he pled guilty to the battery charge and the State dropped the remaining two charges. Sentencing was left to the trial court's discretion. The trial court held a sentencing hearing on August 1, 2012, and heard extensive testimony presented by both Rice and the State. Dr. Tara Harris, a child abuse pediatrician, testified that she had "never seen a child with a spinal injury this severe." Id. at 152. She further testified that a tremendous amount of force would have been

required to cause the injury and that it could not have been caused by a spanking. Finally, she gave her opinion that the injury probably occurred at least 15 to 20 minutes prior to the 911 phone call, and that if 911 had been called immediately and Rice had told emergency personnel what actually occurred,[1] D.C. may have been saved.

The trial court found the following aggravating factors: that the victim was less than twelve years old;[2] that it was a crime of violence knowingly committed in the presence of a person less than eighteen years of age who was not the victim, Rice's five-year old son; and that Rice was in a position having care, custody, or control of the victim. The trial court found as a mitigating factor Rice's lack of criminal history. The trial court noted that Rice was remorseful over D.C.'s death, but stated:

> I think that you've minimized your actions in this situation. [D.C.] didn't die from being spanked. He died from being beaten, beaten by you . . . . I really feel – and maybe this will come with time – that until you fully admit what you did, that your remorse is hollow to me. To be fully remorseful, you must totally admit what you did to this helpless child, and as I said, I don't believe you've done that. I don't.

Id. at 236-37. The trial court concluded that the aggravating factors outweighed any mitigating factors and sentenced Rice to a fifty-year term of imprisonment in the Indiana Department of Correction. Rice now appeals his sentence.

---

[1] Emergency personnel believed that D.C. was suffering from a possible overdose and did not know that he had been struck by Rice.

[2] The trial court did not rely on this factor in enhancing Rice's sentence because it was an element of the crime.

## Discussion and Decision

### I. Abuse of Discretion

#### A. Standard of Review

Generally, sentencing determinations are within the trial court's discretion. McElroy v. State, 865 N.E.2d 584, 588 (Ind. 2007). We review the trial court's sentencing decision for an abuse of that discretion. Id. An abuse of discretion has occurred when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

A trial court may abuse its discretion in a number of ways, including 1) failing to enter a sentencing statement, 2) entering a sentencing statement that explains reasons for imposing a sentence which the record does not support, 3) omitting reasons that are clearly supported by the record and advanced for consideration, or 4) giving reasons that are improper as a matter of law. Anglemyer v. State, 868 N.E.2d 482, 490-91 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). A trial court is not obligated to explain why it has not found a factor to be mitigating. Id. at 493. When an allegation is made that the trial court failed to find a mitigating factor, the defendant is required to establish that the mitigating evidence is both significant and clearly supported by the record. Id.

#### B. Potential Mitigating Factors

Rice contends that the trial court erred by failing to find the following mitigating factors: 1) that he will respond affirmatively to probation or short term imprisonment, 2)

4

that he is unlikely to commit another crime, 3) that his imprisonment will result in undue hardship to others,[3] 4) that he surrendered to authorities, 5) that he cooperated with authorities, 6) his academic achievements, 7) his good character, 8) his good reputation, and 9) his guilty plea.[4] We will consider these factors in turn.

Rice relies on the Presentence Investigation Report's finding that he is at a low risk to reoffend to argue that the trial court should have found that he is likely to respond affirmatively to probation or short term imprisonment and he is unlikely to commit another crime. Rice was convicted of a Class A felony for which the statutory sentencing range is between twenty and fifty years imprisonment. Ind. Code § 35-50-2-4. Because probation or short term imprisonment were not options for Rice, the trial court did not abuse its discretion by not finding that Rice would respond affirmatively to them. See Angleton v. State, 714 N.E.2d 156, 161 (Ind. 1999) (holding that the trial court did not err by failing to find that defendant was likely to respond affirmatively to probation or short term imprisonment because they were not options for a defendant convicted of murder for which the minimum sentence at the time was thirty years), cert. denied, 529 U.S. 1132 (2000).

And we do not agree that Rice's "character and attitudes" indicate that he is unlikely to commit another crime. See Ind. Code § 35-38-1-7.1(b)(8). The record indicates that Rice had previously spanked D.C. hard enough to leave a hand-shaped bruise on his buttocks. Further, Rice attempted to avoid responsibility for his crime. He

---

[3] The first three proffered factors are statutory mitigating factors. See Ind. Code § 35-38-1-7.1(b)(7), (8), (10).

[4] Rice also mentions his family support and the fact that he has maintained employment throughout his life as potential mitigating factors. However, he does so in one sentence in his brief, and does not cite to authority or make a cogent argument as to those factors, so those issues are waived. See Smith v. State, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005), trans. denied.

did not call 911 immediately after striking D.C., did not inform emergency personnel that D.C. had been struck, and continued to claim, up through the sentencing hearing, that all he did was give D.C. one slap on his bottom the day the child died. See Harlan v. State, 971 N.E.2d 163, 171 (Ind. Ct. App. 2012) (finding defendant's "attempts to avoid responsibility for his crimes" as an indication that he would not necessarily refrain from committing similar crimes if presented with another opportunity). Thus, the trial court did not abuse its discretion by failing to find that it was unlikely Rice would commit another crime.

Rice also argues that the trial court should have considered that his imprisonment will result in undue hardship to others. To support this proposition he argues that "he addressed the needs of his son" during the sentencing hearing and that testimony was adduced that his mother has cerebral palsy and that he had assisted her in the past. Appellant's Brief at 9-10. However, as Rice himself acknowledges, with regards to his biological son, termination proceedings were pending at the time of the sentencing hearing. The record indicates that Rice did not intend to challenge those proceedings. Further, the testimony regarding his mother was a brief statement made by his aunt. Thus, Rice has failed to establish that the mitigating evidence is both significant and clearly supported by the record, and therefore the trial court did not abuse its discretion by not finding that his imprisonment will cause undue hardship.

Rice also argues that the trial court should have considered as mitigating factors that he surrendered to and cooperated with authorities. However, the record does not support these claims. For one, Rice did not voluntarily go to the police station and surrender to authorities. Even though he did not run away or evade police, he did not

6

surrender until after police arrived at his mother's home with a warrant for his arrest several months after commission of the crime. See Harlan, 971 N.E.2d at 171 (stating that the defendant's cooperation with authorities may have been out of pragmatism because he had denied any wrongdoing until the officer told him he had listened in on his conversation with the victim). And while Rice voluntarily spoke to police, he continued to maintain that all he did was give D.C. one slap on the buttocks despite the medical evidence to the contrary. This is unlike the cases cited by Rice in which the defendants actually admitted what they did. See Beason v. State, 690 N.E.2d 277, 283-84 (Ind. 1998) (finding that even though defendant fully confessed to police less than six hours after committing the crimes, the trial court did not err when it did not place as much mitigating weight on the confession as defendant wanted); Evans v. State, 598 N.E.2d 516, 519 (Ind. 1992) (finding that evidence that the defendant turned himself into police immediately after the crime and then freely confessed and later testified and described "the horrendous character of the onslaught upon the victim" was entitled to substantial mitigating weight). Thus, the trial court did not abuse its discretion in not finding that Rice surrendered to and cooperated with authorities.

With regard to his academic achievements as a possible mitigator, Rice completed multiple prison programs in bible studies and anger management while incarcerated. However, testimony at the sentencing hearing indicated that Rice had attended church from the time he was a young boy, well before commission of the crime. Rice also testified that he was not "mad," but merely "upset," at the time he struck D.C. Tr. at 116, 128. So, it is unclear whether these courses addressed a condition for which Rice needed rehabilitation, and thus the trial court did not abuse its discretion by failing to identify

them as a mitigating factor.  See Sharp v. State, 951 N.E.2d 282, 289 (Ind. Ct. App. 2011) (finding no abuse of discretion when the trial court failed to identify the defendant's participation in jail programs as a mitigator because the programs did not correlate to the crimes and did not address a condition for which the defendant needed rehabilitation), aff'd on this ground, 970 N.E.2d 647, 648 (Ind. 2012).

And with regard to his good character and good reputation, several family members testified at Rice's hearing and many more people wrote letters on Rice's behalf. They emphasized his good work ethic.  The police officer who investigated the matter stated that Rice was cooperative and respectful.  Rice may be a respectful person with a good work ethic, but the record indicates that he struck a four-year-old child placed in his care with so much force the child died soon after.  Thus, while there is evidence in the record to support these mitigating factors, Rice does not explain how they are significant under the circumstances.  A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigator.  Id. at 288.  The trial court did not abuse its discretion by failing to find these mitigating factors.

Finally, Rice argues that the trial court should have considered his guilty plea as a mitigating factor.  However, a guilty plea is not necessarily a mitigating factor where the defendant receives a substantial benefit from the plea or where the evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic.  Amalfitano v. State, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), trans. denied.  A plea's significance is also reduced if it is made on the eve of trial or if the circumstances indicate that the defendant is not accepting responsibility for his actions.  Caraway v. State, 959 N.E.2d 847, 853 (Ind. Ct. App. 2011), trans. denied.

8

In light of the fact that a four-year-old boy died after being struck by Rice, along with the medical evidence in this case, it was pragmatic for him to plead guilty. With regard to the benefit received, the State dropped both the reckless homicide and neglect of a dependent charges in exchange for his plea. Rice argues that he did not benefit from the State dropping the reckless homicide charge because it was based on the same facts as the battery charge and would have no effect due to double jeopardy. However, Rice ignores the neglect of a dependent charge, which was based on Rice's failure to tell emergency personnel what occurred, depriving D.C. of the necessary medical treatment that may have saved his life. The neglect of a dependent charge was a Class A felony, and, if proven guilty, carried the possibility of an additional twenty to fifty years imprisonment. Thus, we find that Rice received a substantial benefit from his plea. Finally, the plea was not made until a few days prior to trial, and circumstances indicate, and the trial court found, that Rice did not fully admit what he had done. In sum, the trial court did not abuse its discretion in failing to identify Rice's guilty plea as a mitigator.

## II. Inappropriate Sentence

### A. Standard of Review

This court has the authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The "nature of the offense" portion of inappropriate sentence review concerns the advisory sentence for the class of crimes to which the offense belongs; therefore, the advisory sentence is the starting point in our sentence review. Anglemyer, 868 N.E.2d at 494.

9

The "character of the offender" portion of the sentence review involves consideration of the aggravating and mitigating circumstances and general considerations. Clara v. State, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden of persuading this court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

## B. Nature of Rice's Offense and Character

Rice was convicted of a Class A felony. The sentencing range for a Class A felony is between twenty and fifty years imprisonment, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. Rice was sentenced to the maximum sentence of fifty years, which he argues is inappropriate. We disagree.

With regard to the nature of the offense, Rice argues that he is not one of the worst offenders. Our supreme court has observed that "the maximum possible sentences are generally most appropriate for the worst offenders." Evans v. State, 725 N.E.2d 850, 851 (Ind. 2000). However, reading this observation literally "would reserve the maximum punishment for only the single most heinous offense." Brown v. State, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), trans. denied. Instead, a reviewing court should focus less on comparing the facts of this case to others, but more on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about his or her character. Id.

10

While it is not certain exactly what occurred here, the record indicates that Rice struck a four-year child placed in his care—at least twice—with so much force the child died soon after.  Further, he did this in the presence of another young child, and then failed to call 911 immediately or inform emergency personnel, when they did arrive, of what had happened, which may have kept them from rendering necessary medical treatment to save D.C.'s life.  Thus, the nature of Rice's offense was very serious.  <u>See</u> <u>Washington v. State</u>, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011) (describing the circumstances surrounding a battery as "brutal" when the defendant struck a defenseless infant several times, causing her death, in the presence of other children, and then did not tell anyone what he had done or seek medical attention for the victim), <u>trans. denied</u>.

With regard to Rice's character, he points to his lack of a criminal history, his remorse, and the mitigating factors discussed above.  As we have already concluded, the trial court did not abuse its discretion by failing to find additional mitigating factors.  Also, the trial court considered Rice's remorse but rejected it as "hollow."  Tr. at 237.  The trial court is in the best position to judge the sincerity of a defendant's remorseful statements.  <u>See</u> <u>Stout v. State</u>, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005) (noting that a trial court's determination of remorse is similar to a determination of credibility), <u>trans. denied</u>.  This leaves us with a lack of criminal history.  Rice's lack of a criminal history reflects favorably on his character, and as our supreme court has stated, it deserves "substantial mitigating weight."  <u>See</u> <u>Loveless v. State</u>, 642 N.E.2d 974, 976 (Ind. 1994).  However, weighed against it is the severe nature of the offense and surrounding circumstances.  Thus, Rice has not met his burden of persuading this court that the maximum sentence he received was inappropriate.

<u>Conclusion</u>

The trial court did not abuse its discretion by failing to find additional mitigating factors, and Rice's sentence is not inappropriate in light of the nature of his offense and character. His sentence is therefore affirmed.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.

12