On Petition to Transfer from the Indiana Court of Appeals, No. 09A02-1605-CR-1148
Per Curiam.
Rodney McGuire and his girlfriend had a long-term relationship which ended around 2013. In 2015, the girlfriend’s son, B.P., reported that McGuire had molested him repeatedly over the course of several years, beginning when B.P. was eight or nine years old. The State charged McGuire with six counts of Class A felony child molesting. In exchange for dismissal of five counts, McGuire pleaded guilty to one count of Class A felony child molesting. During the plea hearing and at sentencing, the State, defense counsel, and the trial court expressed agreement that the statutory sentencing range for McGuire’s crime was thirty to fifty years. The trial court sentenced McGuire to forty years executed in the Department of Correction. McGuire appealed, contending the trial court’s sen-' tence was based on a mistaken understanding of the minimum sentence. Indeed, the parties now agree the statutory sentencing range for McGuire’s crime was twenty to fifty years, with an advisory sentence of thirty years. See Ind. Code § 35-50-2-4 (2012).
The Court of Appeals affirmed McGuire’s forty-year sentence. McGuire v. State, No. 09A02-1605-CR-1148, 2017 WL 677734 (Ind. Ct. App. Feb. 21, 2017), reh’g denied. Though the parties did not cite a statute for the assumption that thirty years was the minimum sentence, the Court of Appeals presumed they relied on Indiana Code section 35-50-2-2©.[1] That statute permitted the trial court to suspend only the portion of McGuire’s sentence exceeding thirty years, because McGuire was over age twenty-one and B.P. was under age twelve at the time of the crime. Because the trial court imposed an enhanced sentence of forty years, the Court of Appeals concluded it could “ ‘say with confidence that the trial court would have imposed the same sentence’ had it properly considered the facts and law applicable to the case.” McGuire, 2017 WL 677734, *3 (quoting Anglemyer v. State, 868 N.E.2d 482, 491 (Ind.), clarified on reh’g, 875 N.E.2d 218 (Ind. 2007)). McGuire seeks transfer, asking this Court to remand his case for resentencing.
The Court of Appeals is correct that Indiana Code section 35-50-2-2(i) allowed the trial court to suspend any portion of McGuire’s sentence exceeding thirty years. But the statute did not change the minimum sentence from twenty to thirty years. See Miller v. State, 943 N.E.2d 348, 349 (Ind. 2011). We agree with McGuire that remand is appropriate.
Accordingly, we grant transfer and remand the case to the trial court for resen-tencing consistent with this opinion. We summarily affirm the Court of Appeals’ opinion in all other respects. See Appellate Rule 58(A)(2).
Rush, C.J., and David and Slaughter, JJ., concur.
Massa, J., dissents with separate opinion.

. As the Court of Appeals noted, this portion of the statute was not included in a later recodification, McGuire, 2017 WL 677734, at *2, n.3.