## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 17 2017, 6:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jonathan O. Chenoweth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Sharp, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 17, 2017 <br><br> Court of Appeals Case No. <br> 12A05-1702-PC-303 <br><br> Appeal from the Clinton Superior Court <br><br> The Honorable Justin H. Hunter, Judge <br><br> Trial Court Cause No. <br> 12D01-1303-PC-282 |

**Altice, Judge.**

## Case Summary

[1] Michael Sharp appeals from the denial of his petition for post-conviction relief. On appeal, he asserts that the post-conviction court erred in rejecting his claims of ineffective assistance of trial and appellate counsel.

[2] We affirm in part, reverse in part, and remand with instructions.

## Facts & Procedural History

[3] C.S. was born in 1996. Between August 2007 and August 2008, when C.S. was ten and eleven years old, he lived with his father and stepmother, but would spend every other weekend with his mother and Sharp, his stepfather. During those every-other-weekend visits, Sharp would come into C.S.'s bedroom at night and both fondle and "suck[]" C.S.'s penis. *Trial Transcript* at 77. C.S. would tell Sharp to stop and Sharp would then return to his room. Sharp, however, continued to molest C.S. every other weekend when C.S. was visiting. Sharp told C.S. it was a "secret" and that he (Sharp) would "go to jail" if C.S. told anyone about it. *Id*. at 78. In October 2008, C.S. disclosed Sharp's molestations to his stepmother.

[4] On October 17, 2008, the State charged Sharp with one count of Class A felony child molesting (deviate sexual conduct) and one count of Class C felony child molesting (fondling), both of which alleged that the molestations occurred "on or between August 1, 2007 and August 31, 2008." *Direct Appeal Appendix* at 95. At the conclusion of a two-day jury trial, the jury found Sharp guilty as charged. The trial court held a sentencing hearing on October 4, 2010. At the sentencing hearing, the prosecutor, in discussing aggravating factors, stated that

pursuant to Ind. Code § 35-50-2-2(i) (2008)[1], the minimum executed sentence for Sharp's Class A felony was thirty years rather than twenty. Defense counsel likewise erroneously indicated that the court's sentencing discretion was limited by statute to a range of thirty to fifty years for Sharp's Class A felony conviction.

[5] The trial court then identified aggravating and mitigating circumstances and determined that the aggravators "substantially outweigh[ed]" the mitigators. *Direct Appeal Appendix* at 147. The trial court sentenced Sharp to forty years executed on the Class A felony, a sentence the trial court deemed "most appropriate under the circumstances," and a concurrent six-year sentence on the Class C felony. *Trial Transcript* at 217.

[6] The trial court also found Sharp to be a credit restricted felon (CRF). *See* Ind. Code § 35-41-1-5.5 (2008).[2] In its written sentencing order, the trial court recognized that the time period of the offenses overlapped the July 1, 2008

---

[1] At the time of Sharp's sentencing hearing, I.C. § 35-50-2-2(i) provided that if a person was convicted of Class A felony child molesting against a victim less than twelve years of age and the person was at least twenty-one years of age, the court "may suspend only that part of the sentence that is in excess of thirty (30) years."

[2] I.C. § 35-41-1-5.5 (now codified at Ind. Code § 35-31.5-2-72 (2014)) defined a CRF, in pertinent part, as:

> [A] person who has been convicted of at least one (1) of the following offenses: (1) Child molesting involving sexual intercourse or deviate sexual conduct . . ., if: (A) the offense is committed by a person at least twenty-one (21) years of age; and (B) the victim is less than twelve (12) years of age.

A person who is a CRF and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class IV; a CRF may not be assigned to Class I or Class II. *See* I.C. § 35-50-6-4(b) (2008). "A person assigned to Class IV earns one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing." I.C. § 35-50-6-3(d)

effective date of the CRF statute and this court had held that it is an ex post facto violation to apply that statute to crimes occurring prior thereto. *See Upton v. State*, 904 N.E.2d 700, 706 (Ind. Ct. App. 2009), *trans. denied*. The court found, however, that the evidence established that Sharp had committed acts of criminal deviate conduct both before and after July 1, 2008. The trial court therefore concluded that because Sharp had committed acts of deviate sexual conduct after July 1, 2008, it was not an ex post facto violation to apply the CRF statute to him.[3]

[7] Sharp appealed his convictions and sentence to this court. In the context of his inappropriate sentence challenge, appellate counsel argued that Sharp's designation as a CRF should be considered in our review in that it rendered his aggregate sentence inappropriately long. This court rejected Sharp's argument. *See Sharp v. State*, 951 N.E.2d 282 (Ind. Ct. App. 2011), *trans. granted*.

[8] Sharp sought transfer on the issue of whether his CRF status was relevant to review of the appropriateness of his sentence. The Supreme Court granted transfer and held that "appellate sentence review may take into consideration the potential consequences of an offender's status as a credit restricted felon," but nevertheless concluded that Sharp's sentence was appropriate even taking his CRF status into account. *Sharp v. State*, 970 N.E.2d 647, 651 (Ind. 2012). In a footnote, the Supreme Court noted that during oral argument, Sharp raised

---

[3] The trial court made these findings despite the fact that trial counsel did not object to the court's designation of Sharp as a CRF.

an ex post facto challenge to his status as a CRF, arguing that "because the jury did not make a specific finding that any of the acts of molestation occurred after the effective date of the credit restricted felon statute, there was insufficient evidence to support his designation as a credit restricted felon." *Id.* at 648 n.1. The Supreme Court rejected this argument finding that there was "sufficient evidence from which a reasonable jury could conclude that [Sharp] molested C.S. after July 1, 2008, the effective date of the statute." *Id.*

[9] Sharp filed a petition for post-conviction relief on March 28, 2013, and an amended petition on October 28, 2016. In his petition, Sharp raised two claims of ineffective assistance of trial counsel and two claims of ineffective assistance of appellate counsel. The ineffectiveness claims concern the misstatement regarding the minimum sentence available for a Class A felony and whether the trial court's designation of Sharp as a CRF violates ex post facto principles. The post-conviction court held a hearing on November 30, 2016. On January 27, 2017, the post-conviction court entered findings of fact and conclusions of law denying Sharp's request for post-conviction relief. Sharp now appeals. Additional facts will be provided as necessary.

### Discussion & Decision

[10] In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Bethea v. State*, 983 N.E.2d 1134, 1138 (Ind. 2013). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative

judgment." *Id*. (quoting *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004)). In order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the post-conviction court's conclusion. *Id*. Although we do not defer to a post-conviction court's legal conclusions, we will reverse its findings and judgment only upon a showing of clear error, i.e., "that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000)).

[11] On appeal, Sharp argues that the post-conviction court erred in rejecting his claims of ineffective assistance of trial and appellate counsel. A petitioner will prevail on a claim of ineffective assistance of counsel only upon a showing that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the petitioner. *Id*. To satisfy the first element, the petitioner must demonstrate deficient performance, which is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id*. (quoting *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002)). To satisfy the second element, the petitioner must show prejudice, which is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*. at 1139. "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

[12]   Because a petitioner must prove both deficient performance and prejudice in order to prevail on a claim of ineffective assistance of counsel, the failure to prove either element defeats such a claim. *See Young v. State*, 746 N.E.2d 920, 927 (Ind. 2001) (holding that because the two elements of Strickland are separate and independent inquiries, the court may dispose of the claim on the ground of lack of sufficient prejudice alone). This standard applies to both ineffective assistance of trial counsel and appellate counsel claims. *Wright v. State*, 881 N.E.2d 1018, 1022 (Ind. Ct. App. 2008), *trans. denied*.

### Incorrect Sentencing Range

[13]   Sharp first argues that his trial counsel was ineffective for misstating that the minimum sentence available for his Class A felony conviction was thirty years rather than twenty years and that appellate counsel was ineffective for failing to challenge his sentence upon such basis. At the sentencing hearing, the State indicated to the court that I.C. § 35-50-2-2(i) "change[d] the minimum executed sentence [Sharp] can receive from twenty to thirty." *Trial Transcript* at 211. The trial court indicated its agreement with the statement by replying, "Okay." *Id*. Sharp's trial counsel then stated during his sentencing argument, "as the court's well aware an A felony normally carries a sentence of twenty to fifty years but because of this type of crime . . . the statutes . . . have made this . . . more serious and limited the Court's discretion to thirty to fifty years." *Id*. at 213.

[14] In *Hamilton v. State*, 921 N.E.2d 27, 30-31 (Ind. Ct. App. 2010), *trans. denied*, which was decided prior to Sharp's sentencing hearing, this court held that then-I.C. § 35-50-2-2(i) did not alter the twenty-year minimum sentence available for a Class A felony conviction, but altered only what part of a sentence could be suspended.[4] There is thus no dispute that trial counsel rendered deficient performance by misstating the legal effect of I.C. § 35-50-2-2(i) as setting the minimum sentence that Sharp could receive at thirty years and/or by not objecting to the State's misstatement of the sentencing range.

[15] The post-conviction court found that "there is no evidence that Sharp was prejudiced by trial counsel's misstatement, or that the sentencing court was in some way mislead [sic] by trial counsel's misstatement." *Appellant's Appendix Vol. 2* at 72. We disagree. While we acknowledge that a trial court is presumed to know and correctly apply the law, *see Crider v. State*, 984 N.E.2d 618, 624 (Ind. 2013), our review of the record leads us to conclude that this presumption has been rebutted. The State and counsel clearly believed that the sentencing range Sharp faced was thirty to fifty years. Further, the trial court indicated its agreement with the State's misstatement of the applicable sentencing range, and trial counsel's subsequent misstatement only compounded the notion that the minimum sentence Sharp could receive was thirty years, not twenty. Even though the trial court did not explicitly state the incorrect range, there is no

---

[4] Our Supreme Court subsequently expressed its agreement with this interpretation of the statute. *See Miller v. State*, 943 N.E.2d 348, 349 (Ind. 2011).

evidence in the record indicating that the trial court was not misled by the State's or defense counsel's statements setting out the wrong sentencing range.

[16] Very recently, our Supreme Court considered this very issue, albeit on direct appeal. In *McGuire v. State*, 77 N.E.3d 1198 (Ind. 2017) (Massa, J. dissenting), the State, defense counsel, and the trial court "expressed agreement"[5] that the statutory sentencing range for the defendant's crime was thirty to fifty years, when in fact the proper sentencing range was twenty to fifty years. *Id.* at 1199. The Court of Appeals had ultimately affirmed the defendant's forty-year sentence because it "'could say with confidence that the trial court would have imposed the same sentence had it properly considered the facts and law applicable to the case.'" *Id.* Despite the Court of Appeals' assessment, a majority of the Supreme Court[6] held that remand for a new sentencing hearing was appropriate under the circumstances. *Id.* That the issue is now being presented in post-conviction review does not alter this outcome.

[17] The record indicates the trial court was operating under the misconception that the sentencing range was thirty to fifty years rather than twenty to fifty. Even though the trial court provided a thorough sentencing statement, we cannot say with confidence that the trial court would have imposed the same sentence had it considered the proper sentencing range. We therefore conclude that Sharp

---

[5] In *McGuire*, the trial court had explicitly stated in both its oral sentencing statement and written sentencing order that the sentencing range for the crime committed was thirty to fifty years.

[6] Justice Massa dissented, "concur[ring] completely" with [the Court of Appeals'] assessment." *Id.* at 1200.

has established that he was prejudiced in this regard. Having concluded that trial counsel rendered ineffective assistance, we need not address Sharp's argument in this regard as it relates to appellate counsel's performance.

**Credit Restricted Felon Status**

[18] Sharp also argues that his trial and appellate counsel rendered ineffective assistance with regard to the determination that he is a CRF. As set out above, the time period of the offenses overlapped the July 1, 2008 effective date of the CRF statute. We further note that application of the CRF statute to crimes occurring prior to its effective date has been held to constitute a violation of the ex post facto clause of the United States Constitution. *See Upton*, 904 N.E.2d at 704-06.

[19] Here, the sentencing court addressed this issue sua sponte and concluded that there was no ex post facto violation because the evidence established that Sharp committed deviate conduct after the CRF statute's effective date. Sharp cannot therefore establish prejudice on account of a lack of objection by trial counsel because such did not keep the trial court from considering the claim.

[20] On appeal, appellate counsel did not raise the ex post facto issue before this court. On transfer to the Supreme Court, appellate counsel asserted for the first time during oral argument that Sharp's designation as a CRF violated the ex post facto clause. In a footnote, the Supreme Court noted that it "need not explore the nature of the ex post facto prohibition," finding that there was sufficient evidence from which a reasonable jury could conclude that Sharp

committed the offenses after the effective date of the CRF statute.[7]  The post-conviction court held that appellate counsel was not ineffective because the Supreme Court considered and rejected this claim.

[21]     Sharp concedes that there was sufficient evidence that he committed his offenses after July 1, 2008, stating that the Supreme Court "rightly" rejected such claim on direct appeal.  *Appellant's Brief* at 26.  He argues, however, that appellate counsel based his ex post facto claim on the wrong grounds.  He asserts that appellate counsel should have argued that "the jury's general verdict made it impossible to say that he had been convicted of a crime committed after the effective date of the CRF statute."  *Id*. at 27.  In other words, Sharp maintains that the jury's general verdict gave rise to the possibility that Sharp's CRF-designation resulted from a crime committed before the effective date of the CRF statute.

[22]     "[W]here an issue, *although differently designated*, was previously considered and determined upon a criminal defendant's direct appeal, the State may defend against defendant's post-conviction relief petition on grounds of prior adjudication or *res judicata*."  *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 206) (quoting *Cambridge v. State*, 468 N.E.2d 1047, 1049 (Ind. 1984)) (emphasis in original).  We find Sharp's general judgment argument to simply be a

---

[7] There were nine weekends between July 1 and August 31, 2008.  C.S. testified that he stayed with his mother and Sharp every other weekend and that Sharp had performed deviate sexual conduct on him each time he visited.  In addition, a case worker noted that C.S. reported that Sharp had molested him as recently as August 2008.

restatement of the sufficiency of the evidence argument addressed by the Supreme Court and decided against him. Sharp thus cannot establish prejudice based on the argument presented by appellate counsel challenging his CRF designation as a violation of the ex post facto clause.

[23] In sum, the post-conviction court erred by rejecting Sharp's claim of ineffective assistance of trial counsel regarding the misstatements about the proper sentencing range. We therefore vacate Sharp's sentence and remand for a new sentencing hearing. But, it was not error for the post-conviction court to determine that Sharp's ex post facto claim was not the subject of ineffective representation of trial or appellate counsel.

[24] Judgment affirmed in part, reversed in part, and remanded with instructions.

[25] Baker, J. and Bailey, J., concur.