ATTORNEY FOR APPELLANT
Richard L. Langston
Frankfort, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Brian L. Reitz
Deputy Attorney General

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

In the
Indiana Supreme Court

**FILED**
Jun 26 2012, 4:14 pm

**CLERK**
of the supreme court,
court of appeals and
tax court

No.  12S02-1109-CR-544

MICHAEL SHARP,                                      *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                  *Appellee (Plaintiff below).*

Appeal from the Clinton Superior Court, No. 12D01-0811-FA-150
The Honorable Justin H. Hunter, Judge

On Transfer from the Indiana Court of Appeals, No. 12A02-1010-CR-1188

**June 26, 2012**

**Dickson, Chief Justice.**

The defendant Michael E. Sharp has appealed his convictions and sentences for two counts of Child Molesting.  The Court of Appeals rejected his several appellate claims and affirmed the trial court.  Sharp v. State, 951 N.E.2d 282 (Ind. Ct. App. 2011).  Seeking transfer, the defendant asserts a single claim: that the Court of Appeals should have considered his credit restricted felon status when evaluating his request for appellate sentence review under Indiana Appellate Rule 7.  As to this issue, we reject the rationale applied by the Court of Appeals but reach

the same outcome regarding the appropriateness of the defendant's sentence. With respect to the defendant's other appellate issues, we summarily affirm the Court of Appeals.[1] Ind. App. R. 58(A)(2).

Briefly summarizing the relevant facts, between August 1, 2007, and August 31, 2008, the defendant molested C.S., his stepson, every other weekend while C.S. was visiting his mother. The molestation occurred after everyone in the house went to bed. The defendant would go into C.S.'s room and awaken C.S. by touching and fondling him. Each time C.S. would tell the defendant to stop, and the defendant would leave. At some point, the defendant told C.S. that "it was a secret and he would go to jail if [C.S.] told." Tr. at 78. C.S. told his stepmother about the molestation on October 6, 2008, and she promptly reported the abuse to law enforcement officials. A more detailed presentation of the facts can be found in the Court of Appeals opinion. Sharp, 951 N.E.2d at 285–86.

Following a jury trial in which the defendant was found guilty of Child Molesting as a class A felony and Child Molesting as a class C felony,[2] the trial judge imposed concurrent sentences of 40 years for the class A felony and 6 years for the class C felony. The trial judge also ordered the defendant to be placed on lifetime parole pursuant to Indiana Code Section 35-50-6-1(e) following his term of incarceration. In addition, the defendant was designated as (a) a sexually violent predator pursuant to Indiana Code Section 35-38-1-7.5 and (b) a credit restricted felon pursuant to Indiana Code Section 35-41-1-5.5(1)[3] and therefore assigned to class IV for

---

[1] At oral argument, the defendant asserted an additional claim that his designation as a credit restricted felon under Indiana Code Section 35-41-1-5.5 violates the ex post facto clause of the United States Constitution, U.S. Const. art. I, § 10. The defendant argues that, because the jury did not make a specific finding that any of the acts of molestation occurred after the effective date of the credit restricted felon statute, there was insufficient evidence to support his designation as a credit restricted felon. We need not explore the nature of the ex post facto prohibition, however, because C.S. testified at trial that the defendant "touched my private area," Tr. at 76, "[a]bout every other weekend I was over [at the defendant's house in the two years preceding October 6, 2008]," Tr. at 74, 77. This was sufficient evidence from which a reasonable jury could conclude that the defendant molested C.S. after July 1, 2008, the effective date of the statute.

[2] Ind. Code §§ 35-42-4-3(a)(1) and 3(b).

[3] Indiana Code Section 34-41-1-5.5 states:
"Credit restricted felon" means a person who has been convicted of at least one (1) of the following offenses:

purposes of credit time.[4]  The defendant's appeal raises issues of double jeopardy and improper sentencing.  As to the latter claim, the defendant has primarily challenged the trial court's consideration of aggravating and mitigating circumstances.  Embedded within his argument on this claim is a request for appellate review and revision of his sentence.  The Court of Appeals rejected all of his claims and, in its appellate sentence review, held "we will not take into account a person's credit restricted felon status when reviewing a sentence under Appellate Rule 7(B)" because "credit time is set by the legislature and is not a discretionary tool used by the trial court judge."  Sharp, 951 N.E.2d at 290.  We granted transfer and now hold that credit time status may be considered by an appellate court exercising its review and revise authority.

The exercise of appellate authority to review and revise criminal sentences is governed by Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

---

(1) Child molesting involving sexual intercourse or deviate sexual conduct (IC 35-42-4-3(a)), if:
> (A) the offense is committed by a person at least twenty-one (21) years of age; and
> (B) the victim is less than twelve (12) years of age.

(2) Child molesting (IC 35-42-4-3) resulting in serious bodily injury or death.

(3) Murder (IC 35-42-1-1), if:
> (A) the person killed the victim while committing or attempting to commit child molesting (IC 35-42-4-3);
> (B) the victim was the victim of a sex crime under IC 35-42-4 for which the person was convicted; or
> (C) the victim of the murder was listed by the state or known by the person to be a witness against the person in a prosecution for a sex crime under IC 35-42-4 and the person committed the murder with the intent to prevent the person from testifying.

[4] Depending on the credit class to which a defendant is assigned, a defendant may earn a statutorily specified amount of credit time for each day of incarceration which can reduce the amount of time the defendant is incarcerated.  Ind. Code § 35-50-6-3.  A defendant is initially assigned to credit class I or IV depending on whether the defendant is a credit restricted felon.  Id. §§ 35-50-6-3(a), (b).  "A person assigned to Class IV earns one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing," id. § 35-50-6-3(d), while "[a] person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing," id. § 35-50-6-3(a).  Pursuant to Indiana Code Section 35-50-6-4(b), a credit restricted felon is automatically assigned to credit class IV.  After the initial assignment, a defendant can be reassigned to a more or less restrictive class or be deprived of any earned credit time depending on his or her compliance with certain rules and other factors.  Id. §§ 35-50-6-4, -5.

3

Under Indiana law, several tools are available to the trial court to use in fashioning an appropriate sentence for a convicted offender.[5] In addition to conventional imprisonment for a term of years, there can also be separate consequences such as "suspension of [all or part of the term of years portion of the] sentence, probation, home detention, placement in a community corrections program, executed time in a Department of Correction facility, or [the] serving of [term of years] sentences on multiple convictions concurrently rather than consecutively" as well as monetary penalties such as restitution and fines. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010) (footnotes omitted). These other penal tools form an integral part of the actual aggregate penalty faced by a defendant and are thus properly considered as part of the sentence subject to appellate review and revision. *See id.*

In this appeal, the defendant contends that his unfavorable credit time status should be considered as part of the aggregate penal consequences subject to appellate review and revision under Appellate Rule 7.[6] The State responds that a defendant's credit time status should not be considered for purposes of Appellate Rule 7 review because credit time status is a "correctional tool" offered as a carrot to encourage a defendant to conduct himself or herself appropriately while incarcerated. Oral Arg. at 00:24:30, 00:30:10, *available at* https://mycourts.in.gov/arguments/default.aspx?view=detail&id=1287. The State asserts that, because the amount of credit time that might ultimately be earned by a defendant is contingent on future circumstances, the sentence is unknowable at the time of an appellate court's review and is, therefore, not an appropriate factor for an appellate court to consider as a part of Appellate Rule 7 review.

To the contrary, we do not find the possibility of post-sentence credit time adjustment to preclude appellate consideration of a trial court's initial credit time assignment at the time of sentencing. In exercising appellate sentence review, our concern is whether the totality of the penal consequences imposed by the trial court was appropriate. *See* Davidson, 926 N.E.2d at 1025

---

[5] Article 1, Section 18 of the Indiana Constitution provides: "The penal code shall be founded on the principles of reformation, and not of vindictive justice."

[6] As a credit restricted felon, the defendant will be required to serve a minimum of 34.29 years of his 40 year sentence, if he maintains his eligibility for credit time, compared to a non-credit restricted felon who would only be required to serve a minimum of 20 years.

(holding that appellate courts should consider the "aggregate length of the sentence" because of the variety of penal tools available to the trial court); Cardwell v. State, 895 N.E.2d 1219, 1224–25 (Ind. 2008) (discussing the need to consider the aggregate term of incarceration rather than the separate terms for individual counts because of the prosecutor's discretion as to charging decisions and the trial court's discretion in determining how the defendant's incarceration time will be served).  Appellate Rule 7(B) thus authorizes appellate courts to review and revise the totality of penal consequences ordered by a trial court to determine its appropriateness "in light of the nature of the offense and the character of the offender."  Accordingly, evaluation of a defendant's sentence may include consideration of the defendant's credit time status because this penal consequence was within the contemplation of the trial court when it was determining the defendant's sentence.

Applying these principles to this case, however, we do not accept the defendant's contention that his sentence of 40 years of incarceration with a minimum possible sentence of 34.29 years is inappropriate.  In explaining the reasons for the penal consequences selected for the defendant's sentence, the trial court detailed the nature of the crime committed, noting: The "Defendant was in a position of having care, custody, or control of the victim when he perpetrated the offenses"; "Although the Defendant was charged with only one count each of molesting by deviate sexual conduct and molesting by fondling, the evidence at trial clearly demonstrated that the Defendant had committed each of the same the offenses [sic] upon his victim on multiple occasions over a period of years."  Appellant's Br. at 18.  These facts convince us that the nature of the defendant's criminal conduct warrants serious penal consequences.  The defendant contends that his subsequent acknowledgment of his own shortcomings and his pursuit of his faith are indicators of positive character, but we are not persuaded that these factors undermine the appropriateness of the sentence chosen by the trial court.  Even with the further consideration of the defendant's assigned credit time status, we do not find the defendant's sentence to be inappropriate in light of the nature of his offenses and his character.

**Conclusion**

We hold that appellate sentence review may take into consideration the potential conse-quences of an offenders' status as a credit restricted felon, but we otherwise summarily affirm the decision of the Court of Appeals regarding double jeopardy and the trial court's consideration of aggravating and mitigating circumstances. We decline to find the defendant's sentence to be in-appropriate, and we affirm the judgment of the trial court.

Sullivan, Rucker, David, and Massa, JJ., concur.