**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 10 2014, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DANIEL J. VANDERPOOL**
Vanderpool Law Firm, P.C.
Warsaw, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMIE L. STRICKLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  85A02-1308-CR-707 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen, Judge
Cause Nos. 85C01-1208-FB-641 and 85C01-1206-FB-484

**April 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Jamie L. Strickler ("Strickler") appeals his sentence, following his guilty plea, to three counts of Class B felony dealing in a controlled substance[1] under two different causes.

We affirm.

## ISSUE

Whether Strickler's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

## FACTS

On May 10, 2011, Strickler sold Opana, a Schedule II controlled substance, to a confidential informant. Almost one year later, on April 19, 2012, Strickler sold six methadone tablets, also a Schedule II controlled substance, to an undercover police officer. On June 1, 2012, Strickler sold seven methadone tablets to the same undercover officer.

On June 11, 2012, the State charged Strickler, under cause number 85C01-1206-FB-484 ("FB-484"), with Class B felony dealing a controlled substance based on his May 2011 drug sale. On August 1, 2012, the State charged Strickler, under cause number 85C01-1208-FB-641 ("FB-641"), with two counts of Class B felony dealing a controlled substance based on his April 2012 and June 2012 drug sales.

Stickler posted bond and was released from custody. Stickler failed to appear at an August 27, 2012 pre-trial hearing in FB-484, and the trial court issued a warrant for

---

[1] Ind. Code § 35-48-4-2(a)(1).

his arrest.  Following a hearing, the trial court released Strickler on his previously posted bond.

On March 4, 2013, Strickler pled guilty to the three counts as charged in FB-484 and FB-641 without a written plea agreement.  The probable cause affidavits were admitted as part of the factual bases for the offenses.  The probable cause affidavits for the April 19 and June 1, 2012 controlled buys indicate that Strickler sold the drugs from his car while he had a "very young" four to six year-old female child in the back seat of his car.  (App. 43).  The trial court took the pleas under advisement, ordered a presentence investigation report ("PSI"), and scheduled a sentencing hearing for April 29, 2013.  Strickler remained out of custody pursuant to his bond.

Upon motions filed by Strickler, the trial court twice continued the sentencing hearing.  At the June 10, 2013 sentencing hearing, Strickler failed to appear, and the trial court issued an arrest warrant.  On July 11, 2013, the police arrested Strickler in Tennessee, where he had fled with his fiancé and his two youngest children.

The trial court held the sentencing hearing on July 17, 2013.  During the hearing, Strickler's attorney stated that Strickler had fled the state because he was worried about his family and "began thinking about how long he could go away because of the potential for these penalties" for his three crimes.  (Tr. 19).  The trial court accepted Strickler's guilty pleas and entered judgment of conviction on the three dealing convictions.  When discussing aggravating and mitigating circumstances, the trial court stated:

> The circumstances that are aggravating – he does have a minor criminal history and juvenile.  It bothers me a lot that he fled the jurisdiction.  So I believe that that, uh, that is [a] significant indicator.

3

Everybody worries about their family when they're getting ready to go to jail. At least I would hope so. It's not a reason to leave. Once you, once you accept the plea, you own up to it. Um, his mitigating circumstances – he did plead guilty.

(Tr. 22). The trial court imposed a twelve (12) year sentence, with ten (10) years executed and two (2) years suspended to probation for each of the Strickler's Class B felony convictions and ordered that the three sentences be served concurrently at the Department of Correction. The trial court also ordered that Strickler be placed in the C.L.I.F.F. program[2] or another substance abuse program. Strickler now appeals his sentence.

## DECISION

Strickler contends that his aggregate ten-year executed sentence with two years suspended to probation for his three Class B felony convictions is inappropriate. Strickler acknowledges that he has a prior criminal history and that he fled the state after pleading guilty and prior to sentencing, but he asks this Court to revise his aggregate sentence to "a sentence of ten years, suspending four years to probation, and allowing [him] to serve his time on Work Release in the Wabash County Community Corrections Program[.]" (Strickler's Br. 15)

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to

---

[2] According to the State, C.L.I.F.F. is an acronym for Clean Life is Forever Freedom.

4

leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* at 1224. Additionally, "[u]nder Indiana law, several tools are available to the trial court to use in fashioning an appropriate sentence for a convicted offender." *Sharp v. State*, 970 N.E.2d 647, 650 (Ind. 2012). These "penal tools"—which include suspension of all or a portion of the sentence, probation, home detention, community corrections program placement, executed time in a Department of Correction facility, concurrent rather than consecutive sentences, and restitution and fines—"form an integral part of the actual aggregate penalty faced by a defendant and are thus properly considered as part of the sentence subject to appellate review and revision." *Id.* (citing *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010)).

When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, Strickler pled guilty as charged to the three charges of Class B felony dealing in a controlled substance without a written plea agreement.[3] The sentencing range for a Class B felony is between

---

[3] We note that Indiana Code § 35-35-3-3(a) requires that a plea agreement on a felony charge be made "in writing" and "before the defendant enters a plea of guilty." Recently, we explained that "'[t]he purpose behind [Indiana Code § 35-35-3-3] is to insure that a defendant does not base his guilty plea upon certain promises made by the prosecutor where the judge has in fact not accepted the [S]tate's recommendation.'" *Gil v. State*, 988 N.E.2d 1231, 1234 n.2 (Ind. Ct. App. 2013) (quoting *Davis v. State*,

5

six (6) and twenty (20) years, with the advisory sentence being ten (10) years. I.C. § 35-50-2-5. For each of the Strickler's Class B felony convictions, the trial court imposed a twelve (12) year sentence, with ten (10) years executed and two (2) years suspended to probation, and ordered that these three sentence be served concurrently. The trial court also ordered that Strickler be placed in the C.L.I.F.F. program or another substance abuse program.

The nature of Strickler's offenses reveal that he sold Opana to a confidential informant and sold methadone on two occasions to an undercover police officer. During the two drug sales to the officer, Strickler sold the drugs in the presence of a young child, who was in the back seat of his car. Strickler attempts to minimize the nature of his drug sales by pointing out that he sold his own pain medication, which he states was prescribed as a result of having a knee injury when he was seventeen years old. While Strickler may have been addicted to pain medication, any such addiction does not require him to sell the medication and does not excuse his commission of an illegal offense.

Turning to Strickler's character, we see from the record that Strickler—who was thirty-four years old at the time of his offenses—has a criminal history consisting of juvenile adjudications and adult convictions. Strickler has a juvenile adjudication for crimes that would be Class B felony burglary and Class D felony theft if committed by an adult. Strickler also has a 1998 misdemeanor conviction for minor consumption and a 2001 misdemeanor conviction for possession of marijuana. Additionally, Strickler was

---

418 N.E.2d 256, 260 (Ind. Ct. App. 1981)). However, we also explained that "failure to reduce an agreement to writing need not itself be deemed a sufficient ground for rejection" of a defendant's guilty plea. *Gil*, 988 N.E.2d at 1234 n.2 (quoting *Centers v. State*, 501 N.E.2d 415, 417–18 (Ind. 1986)).

charged with check deception in 2009 but that charge was dismissed after he completed a pre-trial diversion program in February 2011. A few months after he completed this diversion program, he committed the first drug sale at issue in this appeal.

Strickler asks this Court to consider that he sought inpatient drug treatment after his arrest. The PSI reveals that Strickler completed a four-day inpatient program in August 2012 for opiate dependence. The PSI also indicates that, at the time Strickler was admitted to the program, he reported that he took ten to fifteen methadone pills per day and ten to twenty Lortab pills that he would get off the street.

Strickler also "asks this Court to consider that his character is generally good." (Strickler's Br. 11). We acknowledge that he pled guilty, which usually reflects a willingness to accept responsibility. However, as the trial court indicated, Strickler's act of fleeing from Indiana after his guilty plea shows a lack of acceptance of responsibility. Indeed, that act reflects poorly on his character and reveals a disregard for authority.

Here, the trial court utilized various "penal tools" to fashion a sentence for Strickler. *See Sharp*, 970 N.E.2d at 650. Strickler has not persuaded us that that his aggregate ten-year executed sentence with two years suspended to probation for his three Class B felony convictions is inappropriate. Therefore, we affirm the trial court's sentence.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.