## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2015, 9:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven A. Curry, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 31, 2015

Court of Appeals Case No.
22A01-1503-CR-87

Appeal from the Floyd Superior Court

The Honorable Maria D. Granger, Judge

Trial Court Cause No.
22D03-1302-FA-328

**Pyle, Judge.**

# Statement of the Case

Steven A. Curry, Jr. ("Curry") appeals his sentence imposed following his guilty plea to Class B felony dealing in a narcotic drug[1] and to being an habitual substance offender.[2]  The trial court sentenced Curry to the advisory term of ten years for his Class B felony conviction, with six years executed and four years suspended to probation, and it imposed a separate four-year sentence for his habitual substance offender determination to be served consecutively.  Curry now appeals his sentence, alleging that his aggregate ten-year executed sentence is inappropriate.  Concluding that Curry has failed to show that his sentence is inappropriate, we affirm his sentence.  However, because the record before us reveals that the trial court entered a separate sentence on Curry's habitual substance offender determination instead of enhancing his sentence from his dealing conviction and also made some other scrivener's errors, we remand to the trial court with instructions to correct these irregularities.

We affirm and remand.

# Issue

> Whether Curry's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

---

[1] IND. CODE § 35-48-4-1(a)(1)(C).  We note that, effective July 1, 2014, a new version of the dealing in a narcotic drug statute was enacted and that this Class B felony offense is now a Level 5 felony.  Because Curry committed this crime in 2012, we will refer to the statute in effect at that time.

[2] I.C. § 35-50-2-10.  This statute was repealed effective July 1, 2014.

# Facts

On December 7, 2012, Curry, who lived in Kentucky, crossed the state line into Indiana with his friend, Tony Marcum ("Marcum"), to do some "electric work." (Tr. 21). They went to a store in New Albany and, before going into the store, Marcum asked Curry "to do something [and] to put some money in [his] pocket[.]" (Tr. 23). Specifically, Marcum gave Curry some heroin. Curry, who knew he had the narcotic drug, then walked into the store and delivered the drug to an undercover Alcohol Tobacco and Firearm ("ATF") special agent.

The State initially charged Curry with Class A felony dealing in a narcotic drug. On December 1, 2014, the State amended the charge to a Class B felony and filed an allegation that Curry was an habitual substance offender, which alleged that he had nine prior substance offense convictions. That same day, Curry, without a written plea agreement, pled guilty to the Class B felony charge and the habitual substance offender allegation.[3]

When sentencing Curry, the trial court found that Curry's guilty plea was a mitigating circumstance. In its written sentencing order, the trial court found

---

3 We note that Indiana Code § 35-35-3-3(a) requires that a plea agreement on a felony charge be made "in writing" and "before the defendant enters a plea of guilty." We have explained that "'[t]he purpose behind [INDIANA CODE § 35-35-3-3] is to insure that a defendant does not base his guilty plea upon certain promises made by the prosecutor where the judge has in fact not accepted the [S]tate's recommendation.'" *Gil v. State*, 988 N.E.2d 1231, 1234 n.2 (Ind. Ct. App. 2013) (quoting *Davis v. State*, 418 N.E.2d 256, 260 (Ind. Ct. App. 1981)). However, we have also explained that "failure to reduce an agreement to writing need not itself be deemed a sufficient ground for rejection" of a defendant's guilty plea. *Id.* (quoting *Centers v. State*, 501 N.E.2d 415, 417–18 (Ind. 1986)).

that a "significant" aggravating circumstance was Curry's "character[,]" which was "reflected by his accumulation of numerous arrests for drug-related and other crimes that involved repeated intervention by law enforcement, courts and probation" and his lack of deterrence "by his frequent contacts with justice professionals and opportunities to rehabilitate[.]" (App. 127). The trial court found that an additional aggravating circumstance was Curry's "criminal record[,] which include[d] felony and misdemeanor convictions including a history of probation violations." (App. 127).[4] The trial court imposed an advisory sentence of ten (10) years, with six (6) years executed and four (4) years suspended to probation, for Curry's Class B felony conviction. For Curry's habitual substance offender determination, the trial court imposed a four (4) year sentence and ordered it to be served consecutively to his Class B felony sentence.[5] Thus, the trial court imposed an aggregate ten (10) year

---

[4] During the sentencing hearing, the trial court stated that Curry's history of substance abuse was an aggravating factor, but it did not include that factor in its written sentencing statement.

[5] As noted by Curry, the trial court's written sentencing order contains a scrivener's error. Specifically, the order provides that the trial court found that the "advisory sentence for the offense of Dealing in a Narcotic Drug, a *class A* felony is appropriate." (App. 127) (emphasis added). It is clear, however, that Curry's conviction and sentence were for Class B felony dealing a narcotic drug. We will, however, remand this case to the trial court to correct its written sentencing order as there are other irregularities contained therein.

First, the trial court's written sentencing order reveals that it imposed a separate four (4) year sentence for Curry's habitual substance offender determination and ordered that it be served consecutively to his dealing conviction. While the record reveals that the trial court, at times, referred to the habitual substance offender as an enhancement, the trial court did not enhance Curry's Class B felony conviction by this habitual substance offender determination. It is well settled that an "habitual offender finding does not constitute a separate crime nor does it result in a separate sentence, rather it results in a sentence enhancement imposed upon the conviction of a subsequent felony." *Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind. 2001) (citing *Greer v. State*, 680 N.E.2d 526, 527 (Ind. 1997); *Pinkston v. State*, 436 N.E.2d 306, 307-08 (Ind. 1982)). Because the trial court entered a separate sentence on Curry's habitual substance offender determination, we remand to the trial court with instructions to correct the sentencing order, abstract of judgment, and chronological case

executed sentence in the Department of Correction. The trial court also gave Curry six months credit for his completion of his GED while in jail and credit for his completion of various "life-enhancement programs" while incarcerated. (App. 128). Additionally, the trial court recommended that Curry participate in any available substance abuse programs in the Department of Correction, and it informed him that it would "consider a modification of the sentence and/or participation in Community Transition upon the completion of 75% of the sentence, and so long as [he] ha[d] good conduct without discipline or conduct violation while at the Indiana Department of Corrections." (App. 128). Curry now appeals.

## Decision

Curry contends that his aggregate ten-year executed sentence for his Class B felony conviction and his habitual offender determination is inappropriate. He requests this Court to reduce his sentence for his dealing conviction and to reduce his habitual substance offender enhancement from four years to three years, which is the minimum allowed under the habitual substance offender statute at the time of his offense.

---

summary to reflect that the four (4) year habitual substance offender enhancement serves as an enhancement of Curry's Class B felony sentence.

Second, the trial court's sentencing order provides that it was giving Curry "*Sixty (30)* days credit off his sentence" for his completion of various programs while incarcerated. (App. 128) (emphasis added). The abstract of judgment and the sentencing transcript indicate that the trial court gave Curry thirty (30) days credit. Therefore, we direct the trial court to correct this scrivener's error on remand.

[7] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[8] Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* at 1224. Additionally, "[u]nder Indiana law, several tools are available to the trial court to use in fashioning an appropriate sentence for a convicted offender." *Sharp v. State*, 970 N.E.2d 647, 650 (Ind. 2012). These "penal tools"—which include suspension of all or a portion of the sentence, probation, executed time in a Department of Correction facility, and placement in a community corrections program—"form an integral part of the actual aggregate penalty faced by a defendant and are thus properly considered as part of the sentence subject to appellate review and revision." *Id.* (citing *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010)).

[9] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, Curry pled guilty as charged to Class B felony dealing in a narcotic drug

and to being an habitual substance offender. At the time of Curry's offense, a Class B felony conviction carried an advisory sentence of ten years, with a range of six to twenty years. I.C. § 35-50-2-5(a). In addition, the habitual substance offender statute provided that "[t]he court shall sentence a person found to be a habitual substance offender to an additional fixed term of at least three (3) years but not more than eight (8) years imprisonment." I.C. § 35-50-2-10(f) (2013). The trial court imposed the advisory term of ten years, with six years executed and four years suspended to probation, for his Class B felony conviction and four years for his habitual offender enhancement. The trial court also recommended that Curry receive substance abuse treatment while in the Department of Correction, gave him credit for the completion of courses while incarcerated, and advised him that it would later consider a modification of his sentence or placement in a community transition program.

[10] The nature of Curry's offense involved crossing the state line into Indiana and selling heroin. This offense is exacerbated by the fact that, at the time he committed it, he had prior convictions in Kentucky relating to trafficking and possessing drugs. Curry asserts that the "nature of his offense was not aggravating and d[id] not justify the sentence imposed." (Curry's Br. 10). He contends that he "committed this offense [of dealing heroin] on the spur of the moment at the request of a supposed friend" and that there was "no evidence" to show that he "regularly deals or has ever dealt in heroin." (Curry's Br. 10).

[11] First, we note that, as this was a guilty plea, there is no requirement for the State to present evidence. Nor does his charge of dealing a narcotic drug

contain an element of showing that he regularly dealt or had previously dealt the drug. Furthermore, his criminal history does include convictions for trafficking other drugs. Additionally, his minimizing of the nature of the offense and his rationalization for the reason he committed it merely reflects on his character and unwillingness to accept responsibility.

[12] Turning to Curry's character, we—as did the trial court—acknowledge that Curry pled guilty. However, Curry also has a history of substance abuse and a criminal history out of Kentucky that included the following nine convictions: (1) a 2004 conviction for possession of marijuana; (2) a 2005 conviction for possession of a controlled substance; (3) an April 2007 conviction for possession of marijuana; (4) a July 2007 conviction for possession of marijuana; (5-7) September 2007 convictions for possession of methamphetamine, trafficking in marijuana, and possession of a controlled substance for which he was put on probation and then had his probation revoked; and (8-9) 2008 convictions for trafficking in a controlled substance and possession of a controlled substance for which he was put on probation and then had his probation revoked. He also had multiple arrests and charges relating to drug offenses that were later dismissed.

[13] Curry contends that his criminal history should be somehow excused or put "in perspective" because most of his crimes relate to his history of substance abuse. (Curry's Br. 9). We disagree with such a contention. *See Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009) (trial court did not err in failing to consider defendant's substance abuse as a mitigating factor especially where the

defendant is aware of the problem and has not taken appropriate steps to treat it), *trans. denied*; *Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004) (holding that the trial court did not err in determining that the defendant's substance abuse was an aggravating factor because the defendant was aware of his drug and alcohol problem and had not taken any positive steps to treat his addiction), *trans. denied*; *Bennett v. State*, 787 N.E.2d 938, 948 (Ind. Ct. App. 2003) (holding that the defendant's alcoholism could properly have been considered an aggravating circumstance), *trans. denied*; *Iddings v. State*, 772 N.E.2d 1006, 1018 (Ind. Ct. App. 2002) (explaining that "a history of substance abuse is sometimes found by trial courts to be an aggravator, not a mitigator"), *trans. denied*.

[14] Curry further contends that his character should be reviewed favorably because he completed his GED and other courses while in jail. While that is commendable, the trial court took those courses into consideration and gave him credit off of his sentence for those courses. Indeed, the trial court, in its written sentencing statement, discussed Curry's character and its reasons for imposing its sentence:

> THE COURT FURTHER NOTES that the Individual Risk Assessment reflects that the Defendant, a 31 year old male, is at a low risk for re-offending based upon information gathered from the Defendant's self-report. The Defendant is without employment currently due to incarceration, but he does not report in his assessment any history of employment or work-related skill or ability. The Defendant also reports for his assessment that he has lived with family for the past 3 years and has not lived in an independent, stable living environment. The

Defendant also reports that he has three (3) children that all live with their mother, but the defendant does not report the manner in which he supports himself or his dependents. The Defendant also reports in his assessment, " . . . [h]e has trusted the wrong person that put him in a bad situation at the time when he needed help the most." (Pre-sentence Investigation Report, Page 9, Paragraph E). That statement contradicts his later statement, "[A]t the end of the day, that he will not blame anyone but himself." (Pre-sentence Investigation Report, Page 10, Paragraph E). The Defendant's contradictory statements indicate to the Court that he is unwilling to fully accept responsibility for his actions[,] which is a behavioral attitude that must be reformed. Also, the Defendant's statements in his assessment are of a limited nature that indicate to the court that his risk score is not a reliable guide for the Court's consideration to impose sentence for this particular defendant. . . . The Defendant's fourteen (14) criminal arrests indicate that to date the criminal justice system has been unsuccessful in holding this Defendant accountable for his actions. The Court finds that it is imperative that the Defendant be held accountable for his criminal behavior in an appropriate manner that will urge hi[m] to accept full responsibility, so that he may reform and rehabilitate successfully. It is for all of these reasons that the Court does not find that this Defendant is one who will likely respond affirmatively to probation or short term imprisonment as he has had previous opportunities at rehabilitation through community supervision and probation, then went back out and engaged in more criminal activity.

(App. 126-27).

[15] Despite Curry's prior failed attempts at probation in Kentucky, the trial court sentenced him to an advisory ten-year sentence with six years executed and four years suspended to probation and imposed, what should have been, an

enhancement of four years for his habitual substance offender adjudication. Additionally, the trial court gave Curry credit for completing his GED and other jail programs, recommended that he receive substance abuse treatment in the Department of Correction, and advised him that it would later consider a motion to modify his sentence. Thus, the trial court utilized some of the available "penal tools" to fashion a sentence for Curry. *See Sharp*, 970 N.E.2d at 650. Curry has not persuaded us that his aggregate ten-year executed sentence for his Class B felony dealing in a narcotic drug conviction and habitual substance offender adjudication is inappropriate. Therefore, we affirm the trial court's sentence.

[16] Affirmed and remanded.

Vaidik, C.J., and Robb, J., concur.