## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 06 2016, 8:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian W. Ellison,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 6, 2016

Court of Appeals Case No.
92A05-1604-CR-964

Appeal from the Whitley Circuit Court

The Honorable James R. Heuer, Judge

Trial Court Cause No.
92C01-1511-FA-86

**Bradford, Judge.**

## Case Summary

Appellant-Defendant Brian Ellison pled guilty to sexually molesting his two daughters on multiple occasions between 2007 and 2014. Ellison was designated as a credit restricted felon by the trial court. The credit restricted felon statute went into effect in 2008. On appeal, Ellison argues that the trial court erred in designating him a credit restricted felon because his offenses against one of the victims may have occurred prior to the effective date of the statute. Because there is evidence that at least some of the molestations occurred after the effective date of the statute, we affirm the trial court's judgment.

## Facts and Procedural History

Between the dates of January 1, 2007 and June 30, 2014, Ellison, on multiple occasions, sexually molested his daughter, A.E. Between the dates of March 3, 2010 and June 30, 2014, Ellison, on multiple occasions, sexually molested his daughter, S.S. On February 2, 2016, Ellison pled guilty to two counts of Class B felony child molesting and two counts of Class C felony child molesting. In exchange for his guilty plea, Appellee-Plaintiff the State of Indiana dismissed several other charges of child molesting. The parties also agreed that the trial court would have the discretion to order his sentences run concurrently or consecutively and that his initial executed sentence would not exceed forty years. The trial court sentenced Ellison to an aggregate term of thirty-six years with thirty to be executed and six suspended to probation. The trial court also

designated Ellison a credit restricted felon and ordered that he register as a sex offender upon his release to probation.

# Discussion and Decision

[3] On appeal, Ellison claims that the trial court erred by designating him a credit restricted felon with regards to his offenses committed against A.E.[1] Specifically, Ellison argues that those offenses may have occurred prior to the date when the credit restricted felon statute was enacted. For its part, the State argues that there was sufficient evidence that at least one incident of molestation occurred after the effective date of the credit restricted felon statute and so the trial court did not err in determining Ellison to be a credit restricted felon.

[4] "Both the United States Constitution and Indiana Constitution prohibit ex post facto laws." *Upton v. State*, 904 N.E.2d 700, 705 (Ind. Ct. App. 2009), *trans. denied*.; U.S. CONST. ART. I, § 10; IND. CONST. ART. 1, § 24. "'To fall within the ex post facto prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it.'" *Upton*, 904 N.E.2d at 705 (quoting *Paul v. State*, 888 N.E.2d 818, 825-826 (Ind. Ct. App. 2008)).

---

[1] Credit restricted felons earn less good time credit for each day the person is imprisoned for a crime or while confined awaiting trial or sentencing. Ind. Code § 35-50-6-3.

[5] Indiana Code section 35-31.5-2-72, previously section 35-41-1-5.5, defines "credit restricted felon," and includes "a person who has been convicted of child molesting involving sexual intercourse or deviate sexual conduct if the offender is at least twenty-one years old and the victim is less than twelve years old." The credit restricted felon statute became effective on July 1, 2008. "At the time of sentencing, a court shall determine whether a person is a credit restricted felon." Ind. Code § 35-38-1-7.8. This determination must be based upon "(1) evidence admitted at trial that is relevant to the credit restricted status; (2) evidence introduced at the sentencing hearing; or (3) a factual basis provided as part of a guilty plea." *Id.*

[6] The sole question here is whether there is sufficient evidence to support the trial court's determination that Ellison molested A.E. on or after July 1, 2008, the effective date of the credit restricted felon statute. A.E. told police that she lived in two different locations where Ellison molested her: in a mobile home where the family lived between 2007 and 2012, and a home the family lived in between 2012 and 2015. A.E. also reported molestations were frequent and happened when her mother was not home and when Ellison was alone with the children. Because A.E. reported that at least some of the molestations occurred at the family's second home, and because the family did not move into that home until 2012, there was sufficient evidence for the trial court to determine that Ellison molested A.E. after the credit restricted felon statute went into effect.

[7]     In *Sharp v. State*, Sharp molested his victim every other weekend between August 1, 2007 and August 31, 2008. 970 N.E.2d 647, 648 (Ind. 2012). The trial court designated Sharp to be a credit restricted felon. On appeal, Sharp argued that there was insufficient evidence to support his designation as a credit restricted felon because there was no specific finding that any of the acts of molestation occurred after the effective date of the credit restricted felon statute. The Indiana Supreme Court rejected this argument in the following footnote:

> We need not explore the nature of the ex post facto prohibition, however, because C.S. testified at trial that the defendant "touched my private area," Tr. at 76, "[a]bout every other weekend I was over [at the defendant's house in the two years preceding October 6, 2008]," Tr. at 74, 77. This was sufficient evidence from which a reasonable jury could conclude that the defendant molested C.S. after July 1, 2008, the effective date of the statute.

*Id*. at 648 n. 1. The same logic applies to the instant case and the trial court properly designated Ellison a credit restricted felon.

[8]     The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.