## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 15 2017, 5:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zaccheus Ryan Ward, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 15, 2017 <br><br> Court of Appeals Case No. <br> 79A05-1702-CR-371 <br><br> Appeal from the <br> Tippecanoe Superior Court <br><br> The Honorable <br> Steven P. Meyer, Judge <br><br> Trial Court Cause No. <br> 79D02-1611-F5-158 |

**Kirsch, Judge.**

[1] Zaccheus Ryan Ward ("Ward") entered a plea of guilty to intimidation[1] as a Level 5 felony and battery[2] as a Class B misdemeanor and admitted to being a habitual offender.[3] The trial court ordered an aggregate eight year sentence, of which one year was suspended to probation and seven years were ordered executed at the Department of Correction—with the last two years to be served with Tippecanoe County Community Corrections. On appeal, Ward contends that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Concluding that his sentence is not inappropriate, we affirm.

## Facts and Procedural History

[2] In November 2016, Ward entered a laundromat located in Lafayette, Indiana, and encountered Samantha Deck ("Deck"), Aryn Muller ("Muller"), and William Robinson ("Robinson"), who were doing their laundry. Ward went up to Deck, put his arm around her, touched her buttocks, put his hand between her legs, and touched her genital area. Deck told Ward to leave, which he did. Soon thereafter, Ward returned and stood very close to Deck, who again told him to leave. Ward left the laundromat just for a moment, and when he returned, he asked Deck to fold a sweater for him. To appease Ward, Deck folded the sweater. As Ward continued to get ever closer to Deck, she pointed

---

[1] *See* Ind. Code § 35-45-2-1(a)(2).

[2] *See* Ind. Code § 35-42-2-1(c)(l).

[3] *See* Ind. Code § 35-50-2-8.

her finger at him and told him to get away from her. Ward slapped Deck in the face. This prompted Robinson to approach Ward, who pulled out a knife and began walking around the laundromat, holding the knife up. Directing his comments to Deck, Muller, and Robinson, Ward said "I'll cut you." *Appellant's App. Vol. II* at 38.

[3] After Ward left the laundromat, Deck went outside to smoke a cigarette. Ward, who was just down the street, saw Deck and walked over to where she was smoking, took the cigarette from her mouth, and squeezed her face. Ward then slapped Deck in the face and walked away. Officers of the Lafayette Police Department responded to the scene and, while searching the area around the laundromat, found Ward in the middle of the road. Ward was arrested for obstructing traffic, and during a search incident to his arrest, officers found on his person a pocket knife and a utility tool with a knife blade.

[4] The State filed an information charging Ward with Level 5 felony intimidation, Level 6 felony criminal recklessness, Class B misdemeanor battery, and Class B misdemeanor obstruction of traffic. The State also alleged that Ward was a habitual offender. At the time of charging, Ward was on probation for battery of a public safety official and false informing, crimes for which he had been convicted and sentenced just the week before. In December 2016, pursuant to the terms of a written plea agreement, Ward agreed to plead guilty to intimidation and battery and to admit to being a habitual offender. The State also agreed to dismiss the remaining counts at sentencing.

[5] During sentencing, the trial court found the following as mitigating factors, Ward's guilty plea, his remorse, and his issues with drug and alcohol abuse. *Tr. Vol. II* at 50. However, the trial court tempered the mitigating weight of Ward's substance abuse issues because he had numerous opportunities to get treatment while incarcerated as both a juvenile and an adult and had not been successful. *Id.* at 50-51. As to aggravating factors, the court found the following: Ward's criminal history; Ward was on probation at the time of the commission of the offense; he committed this offense within a week of being sentenced on prior criminal charges; he has been unsuccessfully released from probation; the repetitive nature of this offense with prior acts of violence; and prior attempts at rehabilitation have failed. The trial court also noted a finding of the probation department—that Ward was a high risk to reoffend. *Id.* at 38, 52.

[6] The trial court found the aggravating factors outweighed the mitigating factors and sentenced Ward to a term of six years for intimidation and 180 days for battery, and ordered those sentences to run concurrent with each other. Upon Ward's admission to being a habitual offender, the trial court enhanced the intimidation sentence by two years, for an aggregate sentence of eight years, of which one year was suspended to probation and seven years were ordered executed at the Department of Correction—with the last two years to be served with Tippecanoe County Community Corrections. *Appellant's App. Vol. II* at 15. Ward now appeals.

# Discussion and Decision

Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of criminal sentences. *Trainor v. State*, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), *trans. denied*. This authority is implemented by Indiana Appellate Rule 7(B) which provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). It is the defendant's burden on appeal to persuade the reviewing court that the sentence imposed by the trial court is inappropriate. *Chappell v. State,* 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied*.

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[9] Ward argues that his sentence was inappropriate in light of the nature of his offenses and his character. Review of a sentence for inappropriateness begins with a comparison between the advisory sentence and the defendant's actual sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (2007). A Level 5 felony's sentencing range is between one and six years with a three-year advisory sentence. Ind. Code § 35-50-2-6. The habitual offender enhancement increases a Level 5 felony sentence by two to six years. I.C. § 35-50-2-8. A Class B misdemeanor battery sentence is limited to not more than 180 days. I.C. § 35-50-3-3. Thus, Ward faced a maximum sentence exposure of twelve and a half years, not taking into account the charges that were dismissed by agreement because he pleaded guilty pursuant to a plea agreement. The trial court sentenced Ward to an aggregate term of eight years, and suspended one of those years to probation. The remaining seven years were ordered executed at the Department of Correction—with the last two years to be served with Tippecanoe County Community Corrections. Thus, not only is Ward's sentence well under the maximum sentencing range of twelve and a half years, it is also not fully executed and two years of it are to be served in Community Corrections.[4] *See Jenkins v. State*, 909 N.E.2d 1080, 1084-

---

[4] In 2009, this court "was not in full agreement regarding whether to review [a defendant's] partially-suspended advisory sentence the same as if it were a fully-executed advisory sentence." *Davidson v. State*, 926 N.E.2d 1023, 1024 (Ind. 2010). Subsequently, our Supreme Court decided that, since a sentence can include probation, home detention, placement in community corrections, among other options, "[t]hese other penal tools form an integral part of the actual aggregate penalty faced by a defendant and are thus properly considered as part of the sentence subject to appellate review and revision." *Sharp v. State*, 970 N.E.2d 647, 650 (Ind. 2012).

86 (Ind. Ct. App. 2009) (finding that a sentence including alternatives to prison is less harsh than a fully-executed sentence), *trans. denied*.

[10] As to the nature of the offense, Ward contends that his conduct was no more than that needed to establish the essential elements of the crimes to which he pleaded guilty. *Appellant's Br*. at 6. We disagree. Proof of intimidation requires that the defendant communicate a threat to another individual to place the individual in fear of retaliation for a prior lawful act, and the offense is enhanced to a Class 5 felony if the defendant draws or uses a deadly weapon while making the threat. *See* I.C. § 35-45-2-1. Ward threatened three people with a knife in retaliation for them asking to be left alone. He did not just draw the knife, but waved it around and, directing his conversation to Deck, Muller, and Robinson, said, "I'll cut you." *Appellant's App. Vol. II* at 38. A Class B misdemeanor battery requires that Ward touch another person in a rude insolent, or angry manner. I.C. § 35-42-2-1. Here, Ward touched Deck's buttocks and genital area when he first approached her and slapped her twice in the face, once inside the laundromat and once outside. Ward also walked up to Deck, removed a cigarette from her mouth, and grabbed her face. *Appellant's App. Vol. II* at 38. Ward committed battery against Deck multiple times. Thus, the nature of Ward's offenses was far more egregious than necessary to just prove the offenses. The nature of the offenses does not warrant a revision of Ward's sentence.

[11] "When considering the character of the offender, one relevant fact is the defendant's criminal history." *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct.

App. 2015), *trans. denied.* "The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Id*. Ward, who was twenty-five years old at the time of sentencing, was on probation at the time he committed the instant offenses, having been convicted of and sentenced for two other offenses just one week prior. In all, Ward had at least six juvenile delinquency adjudications, four misdemeanor convictions, and three felony convictions, which were used to support his habitual offender enhancement. Ward's adjudications as a delinquent child included fraud, escape, habitual disobedience of parent or guardian, theft, delinquency alcohol violation, and burglary. Ward's misdemeanor convictions included conversion, public intoxication, disorderly conduct, and false informing. Finally, his felony convictions included burglary, residential entry, and battery against a public safety official. Furthermore, numerous petitions to revoke probation had been filed against Ward, five of which were found to be true and two of which were pending at the time of sentencing. Ward's sentence was not inappropriate in light of his character. Ward has not met his burden of persuading us that his sentence is inappropriate in light of the nature of his offenses or his character.

[12]    Affirmed.


Najam, J., and Brown, J., concur.