## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 31 2018, 11:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marcel Cornilus Lane,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 31, 2018

Court of Appeals Case No.
18A-CR-1283

Appeal from the St. Joseph Circuit Court

The Honorable John E. Broden, Judge

Trial Court Cause No.
71C01-1704-FC-26

**Pyle, Judge.**

# Statement of the Case

Marcel Cornilus Lane ("Lane") appeals the sentences imposed for his two convictions of Level 6 felony nonsupport of a dependent child,[1] arguing that his aggregate five-year sentence, which is to be served in a work release program and on probation, is inappropriate. Concluding that Lane has failed to show that his sentence is inappropriate, we affirm his sentence.

We affirm.

# Issue

Whether Lane's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

# Facts

In February 2000, Lane was ordered to pay $42.00 per week in child support for his daughter, T.L. ("T.L."), who was born in September 1997. In November 2009, Lane was ordered to pay $43.00 per week in child support for his son, A.L. ("A.L."), who was born in October 1999.[2] Lane failed to make payments for his children for multiple years, and, on different occasions, he was held in contempt for failing to make payments for both children.

---

[1] IND. CODE § 35-46-1-5.

[2] Lane had these two children with two different mothers.

[4]     In 2017, the State ultimately charged Lane with:  Count I, Level 6 felony nonsupport of a dependent child for his failure to pay child support for T.L. between July 1, 2014 and September 13, 2015; and Count II, Level 6 felony nonsupport of a dependent child for his failure to pay child support for A.L. between July 1, 2014 and February 28, 2017.[3]  The trial court held a jury trial on April 3, 2018.  At the time of trial, Lane had arrearages of almost $29,000.00 for T.L. and more than $20,000.00 for A.L.  The jury found Lane guilty as charged.

[5]     Prior to sentencing, the probation department compiled a presentence investigation report ("PSI"), which showed that Lane had a criminal history consisting of convictions for Class D felony sexual misconduct with a minor in 2001 and Class C misdemeanor resisting arrest in 2013.  He also had been arrested for drug-related offenses that were ultimately dismissed.  According to the PSI, Lane reported that he had eight children between the ages of twenty years old and three years old.  Of these eight children, Lane had been ordered to pay child support for the three older children but had failed to be current on payments for any of those children.[4]  The PSI also revealed that Lane had last been employed in 2004 and that his parents had financially supported him since

---

[3] The State initially charged Lane with these two offenses in addition to a Class C felony nonsupport of a dependent child for T.L. and a Class D felony nonsupport of a dependent child for A.L., but the State later dismissed the Class C felony and Class D felony charges.  Both T.L. and A.L. were both over eighteen years old when the State filed the charges in this case.

[4] The two children in this case were two of the three children for which Lane had been ordered to pay child support.

2004. Lane told the probation department that he frequently played basketball with friends that that he spent the majority of his day playing basketball with his children.

[6] At the time of Lane's sentencing hearing, he had obtained employment. When sentencing Lane, the trial court commented on Lane's PSI statement that he spent most of his day playing basketball with his kids and pointed out that Lane had not paid child support for almost fifteen years. The trial court noted that Lane was "an able-bodied person" who did not have anything preventing him from getting a job, other than "a lack of effort." (Tr. Vol. 3 at 17).

[7] For each conviction, the trial court imposed a two and one-half (2½) years sentence, with one (1) year executed on community corrections in a work release program and one and one-half (1½) years suspended to probation. The trial court ordered that the sentences be served consecutively, resulting in an aggregate five (5) year sentence, with two (2) years executed on community corrections in a work release program and three (3) years suspended to probation. The trial court also ordered Lane to pay restitution for the more than $50,000.00 he owed in child support arrearages. Lane now appeals.

## Decision

[8] Lane argues that his aggregate five-year sentence was inappropriate. Before we address his argument, we note that Lane fails to acknowledge that his aggregate sentence contained absolutely no executed time in the Indiana Department of Correction. Instead, the trial court ordered Lane to serve this aggregate five-

year sentence, with two years executed on community corrections in a work release program and three years suspended to probation.

[9] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* at 1224. Additionally, "[u]nder Indiana law, several tools are available to the trial court to use in fashioning an appropriate sentence for a convicted offender." *Sharp v. State*, 970 N.E.2d 647, 650 (Ind. 2012). These "penal tools"—which include suspension of all or a portion of the sentence, probation, executed time in a Department of Correction facility, and placement in a community corrections program—"form an integral part of the actual aggregate penalty faced by a defendant and are thus properly considered as part of the sentence subject to appellate review and revision." *Id.* (citing *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010)).

[10] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an

appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, a jury found Lane guilty on two counts of Level 6 felony nonsupport of a dependent child. A Level 6 felony has a sentencing range of six (6) months to two and one-half (2½) years with an advisory sentence of one (1) year. I.C. § 35-50-2-7(b). For each conviction, the trial court imposed a two and one-half (2½) years sentence, with one (1) year executed on community corrections in a work release program and one and one-half (1½) years suspended to probation. Thus, the trial court utilized some of the available "penal tools" to fashion a sentence for Lane. *See Sharp*, 970 N.E.2d at 650.

[11] The nature of Lane's offense involved his failure to pay court-ordered child support for two of his children for multiple years, even after he had been held in contempt for non-payment. For these two children, Lane owed more than $50,000.00. The mothers of his children had to resort to court intervention to try to get Lane to pay support.

[12] Turning to Lane's character, we note that Lane has eight children, three of whom he was behind in court-ordered child support. Lane had a GED but relied on his parents to financially support him since 2004 when he had last been employed. As the trial court noted, Lane was "an able-bodied person" who did not have anything preventing him from getting a job, other than "a lack of effort." (Tr. Vol. 3 at 17). We acknowledge that Lane did, however, obtain employment after his jury trial. The trial court used some of the penal tools available at sentencing and gave Lane the opportunity to enter a work release program where he could work and make payments towards the owed

child support.  Also, the trial court placed Lane on probation.  Additionally, in considering Lane's character, we note that he has a prior criminal history that includes convictions for sexual misconduct with a minor and resisting arrest.

[13]  Lane has not persuaded us that his aggregate five-year sentence, with two years executed on community corrections in a work release program and three years suspended to probation, for his two convictions of Level 6 felony nonsupport of a dependent child is inappropriate.  Therefore, we affirm the sentence imposed by the trial court.

[14]  Affirmed.

Najam, J., and Crone, J., concur.